IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steve Lester, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:21-cv-3026-TMC-TER |
| v. ) | |
| ) | **ORDER** |
| S.C.D.C.; Major Terry; Warden ) | |
| Warden Burton; Lt. Hall.; and ) | |
| Capt. Patricia Moss, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Steve Lester, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 20, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss the case if Plaintiff fails to pay the filing fee. (ECF No. 7). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 8), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report,

(ECF No. 7 at 8), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the

recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 7), which is incorporated herein by reference. Plaintiff, a state prisoner proceeding *pro se*, has previously filed at least three cases which qualify as strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). (ECF No. 7 at 3). He, therefore, cannot proceed *in forma pauperis* unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. 28 U.S.C. § 1915(g); *see Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). As the magistrate judge found, Plaintiff's instant complaint does not contain the requisite "specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent physical injury." *Johnson v. Warner*, 200 Fed. App'x 270, 272 (4th Cir. 2006) (internal quotation marks omitted).

Thus, the motion to proceed in forma pauperis (ECF No. 2) is **DENIED**. Plaintiff is **ORDERED** to pay the filing fee within twenty-one (21) days of the date of this Order. Furthermore, Plaintiff shall be on **NOTICE** that if he fails to pay the filing fee within the time granted, this case will be **DISMISSED** without prejudice pursuant to the Three-Strikes Rule of 28 U.S.C. § 1915(g). Accordingly, the Clerk of Court is directed to enter the required final judgment at the close of the twenty-

one-day period if the filing fee has not been paid. If Plaintiff pays the required fee within the time allotted, this action shall be sent back to the magistrate judge for further review.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
December 3, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.